AO 472  (Rev. 09/08)  Detention Order Pending Trial (MODIFIED)

# UNITED STATES DISTRICT COURT
для the
Eastern District of Missouri

| United States of America | ) | |
|---|---|---|
| v. | ) | |
|  | ) | Case No.   4:16 CR 426-5 CDP (JMB) |
| AMANDA YOUNG | ) | |
| *Defendant* | ) | |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense    ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed  -  that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____ .

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the  ☐ date of conviction   ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

☒ for which a maximum prison term of ten years or more is prescribed in  21 U.S.C. § 841(a)(1)  .

☐ under 18 U.S.C. § 924(c).

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

☐ involving a minor victim under 18 U.S.C. §           .

☐ (2)  The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

**Alternative Findings (B)**

☒ (1)  There is a serious risk that the defendant will not appear.

☒ (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

At the detention hearing, the parties had no disagreement with the facts set forth in the Pretrial Services Report dated 10/4/2016.  The undersigned adopts and incorporates by reference herein the facts set out in that report.  Defendant offered additional facts and information, which the undersigned has fully considered.

**Part II— Statement of the Reasons for Detention**

☒   I find that the testimony and information submitted at the detention hearing establishes by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the Court that Defendant will not be a danger to the community or a person in the community; and

☒   I find that the testimony and information submitted at the detention hearing establishes by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the Court that Defendant will appear as required.

** CONTINUED ON NEXT SHEET(s) **

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:    10/7/2016                                                                  /s/ John M. Bodenhausen

                                                                                    United States Magistrate Judge

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II – Statement of Reasons (continued)**

Defendant is charged with a serious drug trafficking offense that carries a mandatory minimum term of imprisonment of not less than ten years, and a maximum term of imprisonment of life.  Therefore, the government's detention motion in this case is aided by a rebuttable presumption that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of the community.

In response to this presumption, a defendant must produce some evidence that there are conditions of release that will reasonably assure that he will not flee and will not pose a danger to the community.  In this regard, however, the burden of proof remains with the government, and at all times Defendant retains his constitutional presumption of innocence.  See United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) ("'In a presumption case … a defendant bears a limited burden of production—not a burden of persuasion—to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight.'") (quoting United States v. Mercedes, 254 F.3d 433, 436 (2nd Cir. 2001)).  Moreover, even if a defendant meets his burden of production, "the presumption favoring detention does not disappear, but remains for consideration."  Abad, 350 F.3d at 797.  Further, the undersigned may also consider Congress's finding that drug traffickers pose special risks of flight and a danger to the community.

At the detention hearing, both parties proceeded by proffer.  Defendant requested release on bond and conditions.  Defendant acknowledged that she has a significant substance abuse history and is currently in need of substance abuse treatment.  Defendant acknowledged recent substance abuse and that she is currently experiencing withdrawal.

Defendant's mother was present for the hearing.  Defendant proffered that her mother had sufficient assets for Defendant to be admitted to an in-patient treatment program for thirty days. Defendant's mother would agree to post money or property as security, and would also serve as a third-party custodian, should Defendant be released.  Defendant participated in drug treatment during a prior term of federal incarceration.

The government persisted in its request that Defendant be detained pending trial.  In addition to the facts outlined in the Pretrial Services Report, the government noted that some of Defendant's alleged conduct in the present criminal case occurred while Defendant was on supervised release for a federal narcotics conviction in Case No. 4:09 CR 804 JCH.[1]  The

---

[1] The Pretrial Services Report lists this case as 4:09 CR 004 JCH, the correct number is 4:09 CR 804 JCH.

government also proffered that Defendant attempted to run a trooper off the road during the investigation of the present matter.[2]

Having fully considered Defendant's reasons for release, the undersigned is persuaded that Defendant has proffered sufficient facts to rebut the presumption favoring detention. Nonetheless, the undersigned concludes that the government has met its burden of showing that Defendant poses a risk of non-appearance and a danger to the community. The government's detention motion therefore will be <u>sustained</u>.

Defendant's criminal history is substantial. Defendant has convictions for stealing, forgery, theft, and narcotics offenses. Most significantly, in 2010, Defendant was convicted of conspiracy to possess pseudoephedrine with the intent to manufacture methamphetamine. (Case No. 4:09 CR 804 JCH). In that prior federal case, Defendant was admitted to pretrial release. Her release was revoked, however, because of various violations of her bond conditions. Defendant was sentenced to a 48-month term of imprisonment, and released on Supervised Release in February 2013. Although Defendant completed her term of supervised release without any revocations reported, Defendant resumed drug use. Finally, some of the conduct at issue in the instant case occurred while she was on federal supervision.

Defendant has used illegal drugs since she was seventeen years old. Despite receiving drug treatment, including the Residential Drug Abuse Program within the Bureau of Prisons, and outpatient treatment while on federal supervised release, Defendant has continued to abuse controlled substances and is alleged to have been involved a very large methamphetamine conspiracy.

Therefore, the undersigned concludes that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance and the safety of the community.

---

[2] At the Detention hearing, the government's proffer in this regard suggested that Defendant attempted to run a trooper off the road in connection with her arrest in this case. After the hearing, Government's Counsel clarified to the Court and Defense Counsel that the attempt occurred during the investigation of this case, not during Defendant's arrest on this Indictment.